IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLES A. WILLIAMS | § | |
| | § | |
| V. | § | A-14-CA-844-LY |
| | § | |
| OVSOM, ALLISON TAYLOR, | § | |
| TRAVIS COUNTY, TEXAS and | § | |
| DALLAS COUNTY, TEXAS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Dallas County Jail. He complains of his treatment at the halfway house in Dallas County where he previously resided pursuant to a civil commitment order. Specifically, Plaintiff complains his case manager required Plaintiff to stay in his room from August 22, 2011 until August 26, 2011, without food and water. Plaintiff further complains two other case managers would not allow him to attend church or college classes. Plaintiff also alleges he has been denied contact with the community, he could not have a relationship, his family was required to provide his case managers with their social

security number, and his mail was opened without his permission. He also contends he has been discriminated against because there were no women in the program. Plaintiff sues the Office of Violent Sex Offender Management ("OVSOM"), Director Allison Taylor, Travis County, and Dallas County. He seeks $5 million dollars from each defendant. According to Plaintiff, Defendant Taylor is "directly over" his case manager, and any actions taken against him must come from Defendant Taylor under the authority of the OVSOM. Plaintiff's complaint was transferred to this Court by the United States District Court for the Northern District of Texas, Dallas Division.[1]

## DISCUSSION AND ANALYSIS

    A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

---

[1] The transfer was ordered despite Plaintiff's pending related case in the Dallas Division in Williams v. Watkins, No. 3:14-CV-379 (N.D. Tex.).

B.  Eleventh Amendment Immunity

Plaintiff's claims against the OVSOM are barred under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994).

C.  Official Capacity Claims

Plaintiff's claims against Allison Taylor in her official capacity are also invalid. Section 1983 provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any "person" acting under the color of state law. 42 U.S.C. § 1983. The Supreme Court has held "neither a state or persons acting in their official capacities are 'persons' under § 1983," though state officials in their official capacities, when sued for injunctive relief, are "persons" under § 1983. Will v. Michigan State Dep't of Police, 491 U.S. 58, 71 & n. 10 (1989); see also Lapides v. Bd. of Regents of the Univ. Sys. of Georgia, 535 U.S. 613, 617 (2002). Thus, Plaintiff's § 1983 claims brought against Defendant Taylor in her official capacity for monetary relief are invalid.

D.  Statute of Limitations

Plaintiff's claims are also time-barred. There is no federal statute of limitations for § 1983 actions. Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert. denied, 501 U.S. 1235 (1991). Therefore, the Supreme Court

has directed federal courts to borrow the forum state's general personal injury limitations period. Owens v. Okure, 488 U.S. 235, 249-50 (1989). In Texas, the applicable limitations period is two years. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 1986)). Nevertheless, federal law determines when a § 1983 cause of action accrues. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. Piotrowski, 51 F.3d at 516.

Although Plaintiff does not make clear in his complaint the date of his arrest and his subsequent confinement in the Dallas County Jail, he does so in his complaint pending in the Dallas Division. In that case, Plaintiff makes clear he was arrested at the halfway house in Dallas on August 26, 2011. See Williams v. Watkins, No. 3:14-CV-379 (N.D. Tex. ) (Complaint [#3] at 4). Accordingly, all of Plaintiff's claims accrued no later than the day of his arrest. Plaintiff did not execute his complaint in this case until June 20, 2014, long after the limitations period expired.

    E.    Supervisory Capacity

Moreover, supervisory officials cannot be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship. Monell v. Department of Social Services, 436 U.S. 658, 693 (1978); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he or she may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional

violation." Id. at 304. Plaintiff has failed to provide a basis for holding Defendant Taylor liable in this case.

    F.    County Liability

Finally, Plaintiff makes no claims against Travis County or Dallas County. He simply names them as defendants in this action.

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims against the OVSOM be dismissed without prejudice for want of jurisdiction and Plaintiff's remaining claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct

time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of September, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE